WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| | ) CR 05-768 TUC DCB (JM) |
| v. | ) |
| | ) **O R D E R** |
| Maritza Montoya-Samaniego, | ) |
| Defendant, | ) |

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation ("R & R") is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] The Defendant's Motion to Suppress (document 17) is denied.

On September 26, 2005, the Honorable Jacqueline Marshall, United States Magistrate Judge, signed an R & R in this action. She recommends that the Court deny the Defendant's Motion to Suppress. Specifically, Judge Marshall recommends that the motion be denied because she found sufficient articulable facts to establish reasonable suspicion for a lawful stop of the Defendant.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the R & R. Defendant filed objections. The Government has not responded. Any objections that have not been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the R & R).

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the R & R. The Court equally relies on the law as properly stated by the Magistrate Judge.

Defense counsel objects to the Magistrate Judge's R & R for the following reasons: 1) she identified clearly erroneous facts in her recitation of pertinent factors supporting the stop. Specifically, the Defendant challenges the findings that the United States Boarder Patrol set-up check points on State Route 90, just north of Sierra Vista, and State Route 80, just north of Tombstone, so Defendant's car, traveling towards alternative route 191, was suspect of trying to avoid these check points. Also, Defendant charges that the Magistrate erroneously found that Defendant's traveling in an automobile on Central Highway, which is partially a dirt road, was suspicious activity.

<u>Defendant's Objection 1: Boarder Patrol check points on State Route 90, just north of Sierra Vista, and State Route 80, just north of Tombstone.</u>

Defendant is correct that the agent testified that he did not know whether or not the check points located on SR 80 and SR 90 were "operational." This is not, however, contrary to what the Magistrate Judge found. She found that on March 19, 2005, Boarder Patrol set-up check points on SR 90 and SR 80. These are permanent check points, i.e. they existed on March 19, 2005, and are "operational," i.e. they are open and active, on and off at different times. The existence of these check points causes illegal trafficking to shift to other north south corridors, one of which accesses the Interstate Highway I-10 via Highway 191. Central Highway and Davis Road are part of this corridor.

The agent testified that on March 19, 2005, there was a HIT (high intensity traffic interdiction) zone[2] set-up west of McNeal, near the intersection of Frontier Road and Davis Road. He testified that he, therefore, took up a position at the intersection of Central Highway and Davis Road, just east of the HIT zone. From his position he could observe traffic coming north on Central Highway and turning east, instead of west, onto Davis Road. Traffic traveling west on Davis Road would proceed through the HIT zone, while traffic traveling east would avoid it.

---

[2] A HIT zone means that traffic was being monitored more intensely and more visibly in that location, as a deterrence.

- 2 -

1  The intersection of Central Highway and Davis Road is in close proximity to the border. Highway 191 is a route identified as having a high amount of illegal alien and narcotic trafficking. The agent observed Defendant turn east onto Davis, arguably to avoid the HIT zone, travel to Highway 191, and drive north to I-10.

The Magistrate Judge disregarded the agent's testimony regarding Defendant's lack of eye-contact and nervous demeanor. (R & R at 4-5.)

The Magistrate Judge did not consider the agent's testimony that the vehicles were traveling in tandem because he did not see the vehicles traveling any substantial distance together. (R & R at 5.)

The Magistrate found that there is a one-hour window for suspicious activities that occurs before and after shift changes, not a 90 minute window. The shift change was at 3:00 pm. The Defendant was stopped at 1:51 p.m., just outside the one-hour window of suspicion. The Magistrate Judge found there was no reason to extend the period beyond one-hour. (R& R at 5-6.)

Defendant's Objection 2: Defendant was driving a car instead of a truck.

The Magistrate Judge considered the agent's testimony that he was suspicious because the Defendant was driving a car in an area where people usually drive trucks and SUVs. The agent testified that part of Central Highway is dirt. This Court is not particularly persuaded by this testimony because the agent testified that he only observed the Defendant's vehicle as it approached his position at the intersection of Central Highway and Davis Road, which is paved. Traffic traveling to Willcox from the city of Bisbee and the rural community of Double Adobe would use Central Highway, all of which is paved along this portion of it. This Court disregards any significance given by the Magistrate Judge to the fact that Defendant drove a car instead of a truck.

Conclusion:

Nevertheless, the Court finds that the stop of Defendant's car was lawful because the agent was aware of specific articulated facts that together with rational inferences drawn from them, reasonably warranted a suspicion that the Defendant was committing a crime of

1 transporting illegal aliens or drugs. As the Magistrate Judge properly noted the applicable law, (R and R at 3-4), the assessment of reasonableness is based on the totality of the circumstances confronting the officer at the time of the stop.

Here, the agent knew that Defendant was traveling near the Mexico border, traveling north on an alternative route of access to the Interstate Highway, I-10, and the interior of the United States that is frequently used by alien and drug smugglers to avoid detection at the check points on SR 80 and 90. She turned east on to Davis Road from Central Highway, effectively avoiding the HIT zone located to the west of the intersection.

As the Magistrate Judge noted, even though the Defendant presented testimony suggesting that the first letter of the license plate is not indicative of when a vehicle was registered, the agent nevertheless believed in good faith that the "P" on Defendant's plate represented that the vehicle was recently registered. The agent explained that law enforcement activities deplete the vehicles available to drug dealers and so they continually add vehicles to their smuggling fleets, which means that these vehicles have new vehicle registrations. Such a belief, held in good faith, whether accurate or not, can support reasonable suspicion. (R and R at 7 (citing *United States v. Garcia-Acuna*, 175 F.3d 1143, 1147 (9th Cir. 1999) (an erroneous license plate report, relied upon in good faith, may support founded suspicion)).

Finally, and most persuasively, the vehicle was riding low as if weighted down by something in the trunk. As the Magistrate Judge noted, this fact tips the scale in the Government's favor. (R and R at 8.) The evidence presented by the Defendant showed that the combined weight of the driver and the marijuana load would have resulted in the car riding approximately 1 7/8 inches lower than when it was not loaded. This Court agrees with the Magistrate Judge that "as depicted in the photographs taken by the investigator, the reduction in space between the tire and wheel well when the car was weighted is noticeable." *Id.* While 1 7/8 inches difference might be minor, the car when weighted down appears to be riding low.
/////
/////

- 4 -

"This factor is one that the Ninth Circuit has found significant in justifying an investigatory stop, and it is given great weight here." (*Id.* (citations omitted)).

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 17) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jacqueline Marshall for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 2nd day of November, 2005.

David C. Bury
United States District Judge